**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:26-cr-254 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM MARPLE, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant William Marple's motion to revoke the Magistrate Judge's order of detention (ECF No. 12), pursuant to 18 U.S.C. § 3145(b) ("Motion to Revoke"). For the reasons discussed below, the Motion to Revoke is **DENIED**.

## I. BACKGROUND

### A. The Charges

On May 27, 2026, a federal grand jury returned an Indictment charging Defendant with two counts: (i) Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count One); and (ii) Possession of Firearms and Ammunition by a Person with Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8) (Count Two). (ECF No. 1). The Indictment alleges that Defendant, knowing he had been previously convicted of crimes punishable by imprisonment for a term exceeding one year,[1] as

[1] "Felonious Assault and Domestic Violence, in case number 2009-CR-0152, in the Stark County Common Pleas Court, on or about March 18, 2009; and Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, in case number CR-2018-06-1857, in the Summit County Common Pleas Court, on or about January 8, 2019[.]" (ECF No. 1, PageID #1).

well as a misdemeanor crime of domestic violence,[2] knowingly possessed ammunition and six firearms "in and affecting interstate commerce."[3] (*Id.*).

### B. Detention Hearing

On July 7, 2026, Magistrate Judge James E. Grimes Jr. conducted a detention hearing during which both sides made proffers and arguments on the issue of detention. (Minutes of proceedings [non-document] dated July 6, 2026; ECF No. 20). In support of detention, the Government proffered the Pretrial Services Report ("PTSR") and pointed to Defendant's "lengthy violent criminal history" which involved Defendant either assaulting or threatening harm to several victims. (ECF No. 20, PageID #98). The Government also proffered that: (i) law enforcement officers executed an arrest warrant on Defendant for a felony domestic violence charge on January 6, 2026; (ii) law enforcement had to force entry into Defendant's residence after he refused to exit; (iii) Defendant was arrested and admitted to possessing firearms in the home as well has methamphetamine; and (iv) a search of the home revealed six firearms, ammunition, a bulletproof vest, a lock pick, methamphetamine, and several glass pipes. (*Id.* at PageID #98–99).

Defendant, through counsel, proffered that he was a lifelong Ohio resident, he has lived at the same address in Akron, Ohio for some time, he previously lived with his wife, and he has two sons in the military. (*Id.* at PageID #99–100). Defendant proffered that he has been self-employed for the last four years, is a skilled tradesman, has several outstanding jobs, and has a steady stream of business. (*Id.* at PageID #100). He also proffered that Defendant was arrested and indicted on

---

[2] "Domestic Violence, **in** case number 2001-CRB-01459, in the Canton Municipal Court, on or about April 19, 2001[.]" (ECF No. 1, PageID #2).

[3] The Indictment lists the following firearms found in Defendant's possession: (1) Anderson Manufacturing model AM-15 semiautomatic rifle, 450 Bushmaster, bearing serial number 18225503; (2) Winchester model Super X Pump (SXP), 12 gauge pump action shotgun, bearing serial number 12AZR03366; (3) Taurus model PT! 11 G2A (G2C), 9mm semiautomatic pistol, bearing serial number ADA883976; (4) Taurus model PT! 11 G2A (G2C), 9mm semiautomatic pistol, bearing serial number ABA206781; (5) Glock model 43X, 9mm semiautomatic pistol, bearing serial number CCME505; and (6) Beretta model 950B, 6.35 caliber (25ACP), semiautomatic pistol, bearing serial number B35464. (ECF No. 1, PageID #1–3).

the same facts before state court, he was granted bond in that case, and he has not failed to appear in that case. (*Id.*).

The Government argued that Defendant's criminal history shows a propensity for violence, a history of failing to appear, and a lack of success while on court supervision; it noted that Defendant had eleven felony convictions, a number of misdemeanors, convictions for breaking and entering, domestic violence, felonious assault, aggravated menacing, and child endangering, two convictions for violating a protective order, and at least 20 bench warrants or capiases for failing to appear or violating court orders/the terms of court supervision. (*Id.* a PageID #101–02). The Government emphasized Defendant's propensity for violence and his danger to the community by pointing to the facts surrounding his arrest in this case, which included the execution of a felony domestic violence warrant, his possession of several firearms and methamphetamines, and his admission to drug use. (*Id.* at PageID #102–03).

Defendant argued that the Government put forward no arguments concerning risk of flight, only arguing about dangerousness, and pointed to the state court having heard these same arguments but still granting Defendant bond. (*Id.* at PageID #103–04). Defendant conceded that his criminal history was lengthy but argued that his last crime of violence was in 2009 and a number of his convictions are for minor misdemeanors. (*Id.* at PageID #104). He pointed to Defendant having been on bond for six months with no failure to appear, no new cases, and no incident of committing violent crimes. (*Id.*). Defendant suggested that a serious condition such as an ankle monitor or home detention would be appropriate in this case. (*Id.*). When questioned about the lengthy criminal history, Defendant reiterated the fact that the state court granted bond, he had complied with the conditions of the bond, and he had a sparse criminal history over the past eight years. (*Id.* at PageID #106–12).

### C. Detention Order and Motion to Revoke

On July 8, 2026, Magistrate Judge Grimes issued a Detention Order Pending Trial, ordering Defendant be held without bond during these proceedings ("Detention Order"). (ECF No. 12). The Detention Order bases detention on "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (*Id.* at PageID# 75). This finding was based on the following: (1) the offense charged is a crime that involves a firearm; (2) the weight of evidence against Defendant is strong; (3) Defendant's lengthy prior criminal history; (4) Defendant's history of violence or use of weapons; and (5) Defendant's release poses serious danger to any person or the community. (*Id.* at PageID #75–76). Addressing Defendant's criminal history, Magistrate Judge Grimes found it favored detention:

> The weight of the evidence of dangerousness is strong. 18 USC 3142(g)(2). Defendant has a lengthy criminal history. Although he has not had any felony convictions since 2019, Defendant has six domestic violence convictions, three of which were felonies. The last domestic violence conviction was in 2017, when he was also twice convicted of violating a protective order and once of aggravated menacing. Further, the current charges resulted this year when authorities attempted to serve Defendant with a felony warrant for domestic violence. After Defendant refused to cooperate, authorities forced entry into Defendant's residence, where they located handguns, a rifle, and a shotgun, plus magazines and a bulletproof vest. Defendant notes that many of his convictions are relatively minor. This is correct. But many are not, including weapons convictions. And the sheer number of Defendant's convictions suggest an inability to conform Defendant's behavior to the law so as to not pose a risk to other people.

(*Id.* at PageID #76). Magistrate Judge Grimes also found that Defendant's recent compliance with state court supervision, while significant, was outweighed by Defendant's history of domestic violence, his pending charge for another alleged domestic violence charge, and his allegedly being found in unlawful possession of firearms and ammunition. (*Id.*).

On August 4, 2026, Defendant filed the Motion to Revoke. (ECF No. 14). Defendant argues that the Court should revoke the Detention Order because the default position is that he should be released pending trial, the Government cannot sufficiently demonstrate that he is either a danger to the community or unlikely to appear, and there are conditions of release that would reasonably ensure Defendant's presence in court and protect the community. (*Id.* at PageID #80–84). On August 28, 2026, the Government opposed the Motion to Revoke. (ECF No. 21). The Government argues that Magistrate Judge correctly analyzed the factors under § 3142(g) and determined that no condition or combination of conditions would reasonably assure the appearance of the defendant or protect the community. (*Id.* at PageID #120–25).

## II. STANDARD OF REVIEW

When a district court is moved to revoke a detention order under 18 U.S.C. § 3145(b), it may conduct *de novo* review of the magistrate judge's decision. *United States v. May*, 2020 U.S. Dist. LEXIS 83927, at *2 (N.D. Ohio May 13, 2020). "Title 18 U.S.C. § 3142 'provides the framework for the district court's analysis as to whether release pending trial is proper.'" *Id.* (citations omitted).

The Bail Reform Act permits detention pending trial only if a judicial officer finds, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. Detention based on dangerousness must be "supported by clear and convincing evidence." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(f)(2)(b)).

## III. ANALYSIS

Title 18 U.S.C. § 3142(g) enumerates four factors to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) The weight of the evidence against the person;
> (3) The history and characteristics of the person, including—
> (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). The Court will review each of these factors *de novo* to determine whether Defendant should be released pending trial.

### A. Nature and Circumstances of the Offense – 18 U.S.C. § 3142(g)(1)

"The first § 3142(g) factor considers "whether the offense is a crime of violence, a [sex trafficking offense], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." *United States v. Littleton*, No. 5:21CR870,

2022 WL 4819551, at *2 (N.D. Ohio Oct. 3, 2022) (quoting 18 U.S.C. § 3142(g)(1)). The charges against Defendant relate to his possession of firearms and ammunition while knowing he had previously been convicted of a felony and a misdemeanor crime of domestic violence. The allegations in the indictment, if true, occurred during the execution of a warrant against Defendant for felony domestic violence and led to the discovery of methamphetamine in addition to the firearms and ammunition. Since the charges relate to firearms, and the firearms were found in conjunction with drugs, the Court finds that this factor weighs in favor of detention.

**B. Weight of the Evidence and History and Characteristics – 18 U.S.C. § 3142(g)(2) and (g)(3)**

The weight-of-the-evidence factor under section 3142(g)(2) "goes to the weight of evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)); *see United States v. Tawfik*, 852 F. App'x 965, 966 (6th Cir. 2021) (same); *United States v. Spivak*, 555 F. Supp. 3d 541, 548 (N.D. Ohio 2021) (clarifying that the weight-of-the-evidence factor of section 3142(g)(2) "is not a pretrial determination of guilt"). Additionally, the factor assessing defendant's history and characteristics does not require a prior record of violence to establish dangerousness. *Stone*, 608 F.3d at 950 (citing *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)).

As argued by the Government, and noted by Magistrate Judge Grimes, the weight of evidence of dangerousness is strong. The PTSR shows that Defendant has amassed over 30 convictions for assorted conduct over the last 30 years. (*See* PTSR). While some of the convictions are relatively minor, others are more serious and demonstrate Defendant's dangerousness. Defendant has a pervasive history of such convictions, which include: (i) domestic violence (six convictions total, three misdemeanors and three felonies); (ii) felonious assault;

(iii) drug possession/manufacture; and (iv) weapons violations. Defendant also has the pending felony charge in state court for domestic violence. (*See id.*). He was being arrested on a warrant relative to that case when the conduct giving rise to the instant case allegedly occurred.

To Defendant's credit, he has appeared to comply with the conditions of bond imposed in his pending state court case. However, Defendant has a history of bond/supervision violations, including failure to appear for court, failure to appear for service of a sentence, and community control violations. (*See id.*). Defendant's convictions and bond/supervision violations are not isolated to his youth, and continued well into his adulthood. (*See id.*). At age 39, in 2017, a warrant was issued for Defendant's failure to appear in a state case, in which Defendant was apparently on bond; that warrant was not resolved until more than two years later, in 2019. (*See id.*). As Magistrate Judge Grimes noted, while his apparent compliance with court supervision for six months in the pending state court case is significant, it does not assuage the Court's concerns, given Defendant's history and characteristics. (ECF No. 12, PageID #76).

As noted by Magistrate Judge Grimes: "Defendant is a lifelong resident of Ohio. He has a close friend with whom he could live. Defendant is also self-employed and is a skilled tradesman. He was not under pre- or post-trial supervision at the time of the alleged events that led to his indictment." (ECF No. 12, PageID #76). These are factors that the Court takes seriously in its analysis under section 3142(g)(3) and which are favorable for Defendant. Nevertheless, those considerations are outweighed by Defendant's lengthy criminal history, the nature of that history, his history of bond/supervision violations, and the nature of the instant charges (in this case and in state court). These considerations weigh heavily in favor of detention. Accordingly, the Court finds that the second and third factors weigh in favor of detention.

### C. Nature and Seriousness of the Danger Posed by Defendant's Release – 18 U.S.C. § 3142(g)(4)

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The Court finds that there are significant concerns. As discussed above, Defendant has an extensive criminal history, a history of violent crimes, and a history of bond/supervision violations. Given this pattern of conduct, and the nature of the charges against Defendant, Defendant poses a danger to the community. The Court also agrees with Magistrate Judge's conclusion that "[a] history of domestic violence combined with the unlawful possession of firearms and ammunition poses a serious risk to others." (ECF No. 12, PageID #76). Accordingly, the Court finds that this factor weighs in favor of detention.

After reviewing the record *de novo*, the Court finds that all four factors support detention. As a result, Court also finds no error in the Magistrate Judge's conclusion that no condition or combination of conditions can reasonably assure the safety of the community and his denial of a bond.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Revoke (ECF No. 12) is **DENIED**. The Court finds that there is clear and convincing evidence that Defendant will pose a serious danger to the community if released on bond and there are no conditions or combination of conditions that would ameliorate these concerns.

**IT IS SO ORDERED.**

Date: September 14, 2026

Charles Fleming

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**